IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Regina Williams, | : | |
| Plaintiff | : | Civil Action 2:06-cv-00693 |
| v. | : | Judge Watson |
| United States Postal Service, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Regina Williams brings this civil rights action under 42 U.S.C. §1983. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure, that it "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Accordingly, the Magistrate Judge **RECOMMENDS** the complaint be dismissed.

The complaint alleges that Williams was attempting to send a letter to Otto

Beatty, a former Member of Ohio House of Representatives. She addressed it to "65 East State Street, Columbus, Ohio 43215." She then received a letter from Otto Beatty, III, which said that she was probably trying to reach his father. The letter further stated that the writer's father's address was "233 South High Street, S-300, Columbus, Ohio 43216-4515."

The complaint alleges that "233 South High Street" could not be Otto Beatty's address because Williams believes that the building is abandoned.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis. The complaint fails to allege any arguable grounds for this Court to assert subject matter jurisdiction; and it fails to allege a claim against any defendant. I further note that the Columbus Bar Association's internet site lists Otto Beatty, Jr.'s office address as 233 South High Street, S-300. http://columbusbardirectory.cbalaw.

org/directory/profile.asp?dbase=data%5Fmember&setsize=15&member_last=beatty& member_first=otto&directory=member&index=N&pict_id=0000318. It lists Otto Beatty, III's office address as 65 E. State St.  http://columbusbardirectory.cbalaw.org/ directory/profile.asp?dbase=data%5Fmember&setsize=15&member_last=beatty&member_first=otto&directory=member&index=N&pict_id=0015001.

Accordingly, the Magistrate Judge **RECOMMENDS** the complaint be dismissed for failure to satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel<br>
United States Magistrate Judge