IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Regina Williams, | : | |
| Plaintiff | : | Civil Action 2:06-cv-00693 |
| v. | : | Judge Watson |
| United States Postal Service, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Second Initial Screening Report and Recommendation

Plaintiff Regina Williams brings this civil rights action under 42 U.S.C. §1983. The Court has received additional pleadings from the plaintiff alleging that mail to other addresses was improperly returned to her by the United States Postal Service.

The additional documents allege that the United States Postal Service returned mailed addressed to the following:

- The Clerk of Courts for the Civil Division for the Probate Court for the Court of Common Please for Franklin County; The Civil Division for the Probate Court for the Court of Common Pleas for Franklin County; The Probate Court for the Court of Common Pleas for Franklin County; The Court of Common Pleas for Franklin County; The Court of Common Pleas for Franklin County Division

- The Civil Division for the Probate Court for the Court of Common Pleas

1

    for Franklin County; The Probabe Court for the Court of Common Pleas for Franklin County; The Court of Common Pleas for Franklin County; The Court of Common Pleas for Franklin County Division

- The Probate Court for the Court of Common Pleas for Franklin County; The Court of Common Pleas for Franklin County; The Court of Common Pleas for Franklin County Division.

The pleadings also allege that an envelope was returned from plaintiff's aunt, Annie Young.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure, that it "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Accordingly, the Magistrate Judge **RECOMMENDS** the complaint be dismissed.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the com-

plaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

Analysis. The complaint fails to allege any arguable grounds for this Court to assert subject matter jurisdiction; and it fails to allege a claim against any defendant.

Accordingly, the Magistrate Judge **RECOMMENDS** the complaint be dismissed for failure to satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure. If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge
